Robert Rangel SALINAS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 62135, 62136.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 2, 1983.

Sam Adamo, Houston, for appellant.

Carol S. Vance, Former Dist. Atty. and Frank Harmon, Asst. Dist. Atty., John B. Holmes, Jr., Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and McCORMICK, J.

## OPINION

McCORMICK, Judge.

Appellant was convicted of murder in our Cause No. 62,135. Punishment was assessed at forty-five years. A motion to revoke probation in our Cause No. 62,136, a theft case, was carried concurrently with the murder prosecution. While the jury was deliberating as to guilt or innocence in Cause No. 62,135, the trial judge entered an order revoking appellant's probation in Cause No. 62,136 based upon the evidence heard in the murder case. Appellant's probation was revoked and punishment on the theft conviction was assessed at six years. Neither the sufficiency of the evidence for the murder conviction nor the sufficiency of the evidence for the revocation of probation is challenged. To avoid confusion, the probation revocation and murder cases will be discussed separately.

### THE MURDER CASE—Our Cause No. 62,135

In his first ground of error appellant complains of the failure of the trial court to charge the jury at the guilt-innocence phase of the trial on the lesser included offense of involuntary manslaughter. Appellant objected to the court's charge for this omission. We note that the trial court did submit an instruction on the offense of criminally negligent homicide as a lesser included offense and the defense of accident.

In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty he is not guilty of the alleged offense but is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr. App.1981) (on rehearing).

Appellant testified that on the night of the offense he and Eddie Carogo went to an apartment in order to drop off some money. They were met at the door of the apartment by Bruce Stanfill. Stanfill invited them in and soon they were all

engaged in conversation and smoking marihuana. During this time the deceased entered the apartment. An argument broke out between Carogo and Stanfill over the money. According to appellant, Stanfill suddenly pulled a gun and told Carogo to hand over the money. Appellant jumped at Stanfill and grabbed the gun away from him. Appellant yelled to Carogo, "Let's get out of here", but Carogo instructed him to have Stanfill and the deceased lie on the floor. Appellant cocked the gun and told Stanfill and the deceased to lie on the floor. According to appellant, Carogo, without any prior plan or warning, then took Stanfill's wallet. Carogo then walked out the door. As appellant hurried out after Carogo, he reached for the door knob and the gun accidentally discharged and the deceased was shot. Appellant testified that at the time the gun discharged, he was barely touching the trigger, he was not aiming the gun at anyone, and he did not intentionally pull the trigger. Appellant stated that he did not even know the deceased had been shot. Appellant denied the intent to kill or to rob and stated that at the time the gun discharged he was not pointing it at anyone.

The distinction between involuntary manslaughter and criminally negligent homicide is simply of degree, the difference between recklessness and negligence. *Aliff v. State*, 627 S.W.2d 166 (Tex.Cr.App.1982); *Giles v. State*, 617 S.W.2d 690 (Tex.Cr.App.1981). "Recklessness", as defined by V.T.C.A., Penal Code, Section 6.03(c), occurs when one is aware of a risk but disregards it, thus, causing the result. "Negligence", as defined by V.T.C.A., Penal Code, Section 6.03(d), occurs when one is not aware of a risk but should be, and he engages in the conduct giving rise to the risk and the result follows. Here, we may presume that appellant was aware of the risk of injury or death by having a loaded, cocked pistol and exhibiting it,[1] although at the time it discharged he was not specifically aware of shooting the deceased. Therefore, appellant having been aware of the risk, his

conduct was reckless and a charge on involuntary manslaughter should have been given. See, *Giles v. State*, 617 S.W.2d at 691 (Tex.Cr.App.1981). Appellant's first ground of error is sustained.

THE PROBATION REVOCATION—Our Cause No. 62,136

Appellant's counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he can find no reversible error as to the probation revocation. Appellant has urged no pro se complaints. Having reviewed the record herein, we also find no reversible error.

The judgment in Cause No. 62,135 is reversed and the cause remanded for a new trial; the judgment in Cause No. 62,136 is affirmed.

---

1. See V.T.C.A., Penal Code, Section 22.05(b).