**Arthur CORKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00415–CR.**

Court of Appeals of Texas, Dallas.

April 22, 1985.

S. Michael McColloch, Dallas, for appellant.

Celia V. Barr, Asst. Dist. Atty., Dallas, for appellee.

Before SPARLING, WHITHAM and DEVANY, JJ.

SPARLING, Justice.

Convicted of criminally negligent homicide, Arthur Corker asserts three grounds of error on appeal. Finding no merit in appellant's contentions, we affirm his conviction.

Appellant contends first that the evidence is insufficient to support his conviction because there was no proof that he acted with criminal negligence toward the deceased, and second that the law of transferred intent is not applicable here, thus the court's charge was erroneous.

TEX.PENAL CODE ANN. § 6.03(d) (Vernon 1974) defines "criminal negligence":

[A] person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct, or the result of his conduct when he ought to be aware of the substantial and unjustifiable risk that the circumstances exist or that the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

In *Salinas v. State*, 644 S.W.2d 744, 746 (Tex.Crim.App.1983), the Court of Criminal Appeals stated that negligence as defined by section 6.03 of the Texas Penal Code occurs when one is not aware of a risk but should be, and he engages in the conduct giving rise to the risk and the result follows.

An eye-witness to the homicide described the following series of events to the jury: As he stood in his front yard, the witness heard a man and woman arguing and saw a woman carrying a baby in a parking lot across the street. A man the witness identified in open court as appellant was following the woman. As the woman continued walking, appellant stopped and picked up a brick. Appellant then yelled at the woman, and when she turned around he threw the brick and hit the baby in her arms.

The evidence established that appellant was the baby's father; the woman was the baby's mother. A witness who investigated the homicide for Dallas Child Welfare testified that she spoke with appellant about the incident. Appellant told her that he and the baby's mother had argued minutes before the homicide, that he "overreacted" when she left carrying the baby, and that he "threw a rock or brick at her and she turned as he threw it and it hit the baby." The arresting officer testified that appellant said he threw the brick after the woman "said something very personal to him." When the officer asked appellant if he intended to hit the woman and baby, appellant said, "Maybe, maybe not."

A friend of appellant's testified that she asked him several days after the homicide why he threw the brick. She said he responded that he "didn't know what was on [his] mind." The medical examiner testified that the baby died from head injuries caused by blunt trauma.

Appellant testified that the events surrounding the homicide were "fuzzy" in his

mind. He said he did not recall arguing with the baby's mother or throwing the brick. Further, he testified that he did not remember the substance of his conversations with other witnesses about the homicide. However, the other witnesses—the child welfare worker, the arresting officer, and appellant's friend—testified that appellant had no trouble recalling the events surrounding the homicide when they spoke with him about it shortly after it happened.

 As appellant concedes, the evidence established that he threw a brick at the woman as she carried the baby across the parking lot. Although appellant contends the baby would not have been hit had the woman not turned toward him as he threw the brick, we find no merit in this argument. First, there is no evidence in the record to support this contention. To the contrary, the eye-witness testified that the woman carried the baby over her shoulder, thus the brick could have struck the baby even if the woman had not turned. Second, we hold that the act of throwing a brick at a woman carrying a baby constitutes the type of "substantial and unjustifiable risk" contemplated by § 6.03 of the Penal Code. Further, as required by § 6.03, we find that the risk appellant created when he threw the brick was "of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under the circumstances as viewed from the actor's standpoint." TEX.PENAL CODE ANN. § 6.03 (Vernon 1974).

 Appellant also contends that although the State may have proved him criminally negligent toward the *woman,* the State failed to prove that he acted with criminal negligence toward the *baby.* However, we hold that the State was not required to prove that appellant's actions were directed toward the baby. Section 6.04(b) of the Texas Penal Code provides:

A person is criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or *risked* is that:

(1) a different offense was committed; or

(2) a *different person was injured, harmed, or otherwise effected.* [Emphasis added].

Appellant asserts that the law of transferred intent does not apply to the offense of criminally negligent homicide; however, he cites no authority nor have we found any to support this novel contention. Moreover, by its express language, section 6.04(b) applies to acts of criminal negligence as criminal negligence is defined in section 6.03(d). Section 6.03(d) defines the type of risk that will result in the imposition of criminal liability, and section 6.04(b) expressly addresses "risk" in situations where what was risked differs from what actually occurred.

 Appellant concedes and the evidence sufficiently establishes that appellant threw a brick at the woman carrying the baby. Therefore, applying the law of transferred intent, we hold that the evidence is sufficient to sustain appellant's conviction for the criminally negligent homicide of the baby. Further, since we hold that the law of transferred intent applies in this situation, it follows that the trial court's instructions to the jury were proper. Appellant's first two grounds of error are overruled.

 In his third ground of error, appellant asserts that the trial court erroneously denied his motion for continuance based upon surprise. For two reasons, this ground of error presents nothing for review. First, appellant cites no authority for this proposition as required by TEX. CODE CRIM.PROC.ANN. art. 40.09(9) (Vernon Supp.1985). *McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App.1980). Second, TEX.CODE CRIM.PROC.ANN. art. 29.08 (Vernon Supp.1985), requires that all motions for continuance be sworn to "by a person having knowledge of the facts relied on for continuance." Appellant's motion for continuance has not been sworn to by either appellant or his counsel. Ac-

cordingly, nothing is presented for review. *Minx v. State,* 615 S.W.2d 748, 749 (Tex. Crim.App.1981). Appellant's third ground of error is overruled.

Affirmed.