**60**

Marcos LUEVANOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00571–CR.

Court of Appeals of Texas,
San Antonio.

April 30, 1985.

Thomas Rocha, Jr., San Antonio, for appellant.

Amado Abascal, III, Dist. Atty., Eagle Pass, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for causing serious bodily injury to an elderly individual. TEX.PENAL CODE ANN. § 22.04(a)(1) (Vernon Supp.1985). The jury found appellant guilty as charged and the court assessed punishment at twenty-five years' confinement.

■ Initially the accused complains that the trial court committed reversible error by refusing his request for a special charge to the jury on circumstantial evidence. This assertion of error is without merit. All elements of the offense charged must be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970); *Crocker v. State*, 573 S.W.2d 190, 207 (Tex. Crim.App.1978). Where the trial court properly instructs the jury on the reasonable doubt standard of proof, a charge on circumstantial evidence is no longer necessary. *Hankins v. State*, 646 S.W.2d 191, 199–200 (Tex.Crim.App.1983) (opinion on State's motion for rehearing). The first ground of error is overruled.

The accused next challenges the sufficiency of the evidence to support the guilty verdict. The standard of review for a sufficiency of the evidence question requires that we determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App. 1981). In the instant case, the State relied on circumstantial evidence. The same standard of review applies. *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App. 1983); *Id.* at 465 (McCormick, J., concurring); *Freeman v. State*, 654 S.W.2d 450, 456 (Tex.Crim.App.1983) (opinion on State's motion for rehearing).

■ The complainant did not testify and therefore did not personally identify the accused. She did advise a police officer that she had been assaulted. The treating doctor testified that her injuries created substantial risk of loss of life. This is sufficient evidence to sustain a conviction under TEX.PENAL CODE ANN. § 22.-04(a)(1) if the accused can be identified.

An investigating officer testified he saw tracks in the ground in the area of the point of entry. They were similar to the tracks made by mud inside the complainant's bedroom. He followed the tracks to the accused's residence, which was three houses down the street. He went into the bedroom where the accused was sleeping and found a pair of tennis shoes with soles the same or similar to the tracks he had been following. There was fresh mud on the tennis shoes. The accused had particles of white paint on his left arm and all over his back. The chemist testified that these particles were the same color and had the same physical and chemical composition as paint removed from the window which was the point of entry in the complainant's home. Both the sheets from the complainant's bed and the jogging shorts that the accused was wearing contained blood stains and seminal stains.

■ Viewing this evidence in the light most favorable to the prosecution, which we must, we conclude a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. No single item of evidence would have sufficed, but taking all the circumstances together, they point only to the guilt of the accused.

■ Appellant next alleges that the trial court committed reversible error in

overruling his motion to suppress the physical evidence seized at appellant's residence. He specifically objects to the seizure of the tennis shoes. The record reflects that appellant's father allowed the officers inside his house. Once inside the house the officer observed the tennis shoes in plain view. A recognized exception to the requirements of a search warrant or probable cause is a search conducted pursuant to consent. *Swink v. State*, 617 S.W.2d 203, 210 (Tex.Crim.App.1981). The plain view doctrine is an exception to the warrant requirement which permits an officer to seize what he sees in plain view provided he is lawfully on the premises. *DeLao v. State*, 550 S.W.2d 289, 291 (Tex.Crim.App.1977). At that time, probable cause existed to arrest the accused and seize the other items of evidence pursuant to the arrest. Grounds of error three and four are overruled.

■ Finally, it is urged that a charge on the lesser included offense of recklessly or negligently causing serious bodily injury should have been submitted. There is no evidence in the record that the accused was guilty *only* of the lesser included offense; therefore, the charge was unnecessary. *Salinas v. State*, 644 S.W.2d 744, 745 (Tex.Crim.App.1983).

The judgment is affirmed.

TIJERINA, J., dissents.

TIJERINA, Justice, dissenting.

I respectfully dissent.

Appellant challenges the sufficiency of the evidence to support the guilty verdict. In the instant case, the State's case was predicated on circumstantial evidence. In *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App.1983), the court addressed a question concerning the sufficiency of circumstantial evidence, stating: "If the evidence supports an inference other than the guilt of appellant, a finding of guilt beyond a reasonable doubt is not a rational finding, irrespective of the character of the evidence." *See also Freeman v. State*, 654 S.W.2d 450, 456 (Tex.Crim.App.1983); *Gir-*

*ard v. State*, 631 S.W.2d 162 (Tex.Crim.App.1982). Thus, it appears that the "exclusion of outstanding reasonable hypothesis" test will continue to determine this issue. Consequently, if there is a reasonable hypothesis other than the guilt of the accused, then guilt has not been established beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (opinion on State's petition for discretionary review); *Wilson v. State*, 654 S.W.2d 465, 467 (Tex.Crim.App.1983) (State's motion for rehearing).

Appellant was never identified as the person who committed the assault on the complaining witness. She did not testify, and the appellant neither testified nor confessed or in any way admitted the commission of the offense. The circumstantial evidence presented by the State was as follows:

(1) Tracks were discovered leading from the victim's house to appellant's house. It was alleged that the tracks were made by a pair of tennis shoes such as the ones recovered from appellant. However, a chemist and toxicologist testifying as a State witness stated he had examined particles of soil taken from the tennis shoes and particles of soil taken from the victim's bedroom and found no correlation between them.

(2) The jogging shorts worn by appellant when arrested, the bedsheet from the victim's bedroom and the victim's panties all contained blood stains of human origin and acid phosphatase, a constituent of seminal fluid. The chemist testified that he could not identify any of the specimens as belonging to any particular person. He further stated: "The one enzyme is present in eighty-five percent of the population." No blood groups or enzymes could be established under the acid phosphatase.

(3) The chemist further stated he made an analysis of hair taken from the pubic area of appellant and hair recovered from the person and clothing of the victim and found no comparison, or foreign pubic hairs on the victim and he also was unable to find any pubic hairs of the victim on the pubic hair of appellant.

(4) Police Officer Morales testified that he took some particles of paint from appellant's back and left elbow. Paint particles obtained from the window frame of the victim's house were contained in State's Exhibit No. 15 and the paint particles taken from the person of appellant were introduced as State's Exhibit No. 16. The chemist made a comparison of the particles of paint in both exhibits and stated that they were the same color and had the same physical and chemical composition.

Is this evidence, standing alone, sufficient for us to conclude that a rational trier of fact found the essential elements of the offense beyond a reasonable doubt? Mere presence at the scene of the crime alone is not sufficient to conclude beyond a reasonable doubt that the accused committed the offense. *Burns v. State*, 676 S.W.2d 118, 120 (Tex.Crim.App.1984); *Wright v. State*, 603 S.W.2d 838, 840–41 (Tex.Crim.App. 1980). Proof amounting to a strong suspicion or mere probability is insufficient. *Flanagan v. State*, 620 S.W.2d 591, 593 (Tex.Crim.App.1981). The chemist did not state that the particles of paint taken from appellant's person were the same as the particles taken from the window frame of the victim's house. Even assuming arguendo that particles of paint were the same, this evidence alone does not establish proof beyond a reasonable doubt that appellant intentionally and knowingly assaulted the complaining witness. Additionally, the medical doctor neither was asked nor gave his opinion as to what caused the injuries.

The complaining witness told sergeant Morales that she had been assaulted by an unknown subject. The record shows appellant had resided in the immediate neighborhood for twenty-three years. Appellant resided at 581 San Marcos and the victim resided at 547 San Marcos. The medical doctor stated that he visited the victim at the hospital once a day and sometimes twice a day and was able to converse with her. The victim had a lucid period and was released from the hospital. It was a month later when the victim developed the disabling symptoms of a subdural hematoma and started having behavioral problems and difficulty in walking and talking.

The witness Oralia Rodriguez testified that the victim arrived at her house at 2:47 a.m., wrapped in a bedsheet and badly bruised and bleeding from face and head wounds. Appellant's brother, Jorge, testified that he arrived home at 1:30 a.m. and that appellant was asleep in his room. Jorge admitted to having a prior arrest record. There is evidence indicating that the police officer wanted to talk to both brothers, but when they entered the house, they saw the tennis shoes and arrested appellant when he claimed ownership of the tennis shoes. It was never established who was wearing the tennis shoes. Apparently appellant's fingerprints were not found on the window frame or inside the victim's bedroom. The evidence in this record supports an inference other than the guilt of appellant. Therefore, the circumstantial evidence was clearly insufficient to exclude every reasonable hypothesis except the guilt of appellant; the guilty verdict was not a rational finding. The State poorly briefed this ground of error and cited no authorities in support of its contentions. Appellant's second ground of error should be sustained.

Accordingly, I would reverse the judgment and order appellant discharged. *See Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978).