

# The Attorney General of Texas

April 9, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
ton, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George Pierce
Chairman
Urban Affairs Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.    JM-472

Re:    Effect of failure to pay
a processing fee authorized by
article 9022, V.T.C.S., for
dishonored checks

Dear Representative Pierce:

You ask several questions relating to a processing fee by the holder of a dishonored check. Article 9022, V.T.C.S., which is a civil statute enacted by the legislature in 1983, provides that

> (a) The holder of a check or its assignee, agent, representative, or any other person retained by the holder to seek collection of the face value of the dishonored check on return of the check to the holder following its dishonor by a payor may charge the drawer or endorser a reasonable processing fee, which shall not exceed $15.

> (b) Nothing herein shall be construed as affecting any right or remedy to which the holder of a check may be entitled under any rule, regulation, written contract, judicial decision, or other statute.

You ask whether a person would be innocent of a theft by check charge if the person offered the holder of a dishonored check a cash payment in the amount of the check but refused to pay the processing fee authorized by article 9022. An offer to pay the amount of a dishonored check does not necessarily preclude a conviction of theft or of issuance of a bad check under the Penal Code. See Penal Code §31.03 (theft); §31.04 (theft of service); §32.41 (issuance of bad check, which may be a lesser offense of theft). Failure to pay the amount of the check may give rise to the evidentiary presumptions established by the Penal Code. It is our opinion, however, that refusal to pay a processing fee is not an element of the offenses of theft or issuance of a bad check and neither does such refusal trigger the evidentiary presumptions.

The processing fee authorized by article 9022 is a civil matter between the issuer and the holder of a dishonored check. Article 9022 was enacted to resolve uncertainty as to the validity of fees imposed for processing dishonored checks, which were considered part of a contract between the issuer and the holder. See Bill Analysis to S.B. No. 921, prepared for the House Committee on Business and Commerce, filed in Bill File to H.B. No. 921, Legislative Reference Library. We do not believe that such a processing fee becomes part of the amount of the check. Hence, we conclude that failure to pay a processing fee authorized by article 9022 is not the failure to pay the holder within 10 days of receipt of notice that is required for the evidentiary presumptions established by section 31.06(a) and section 32.41(b) of the Penal Code.

Receipt of property and proof of its value are necessary elements in the offense of theft under articles 31.03 and 31.04 of the Penal Code but are not required for proof of the offense of issuance of a bad check under section 32.41 of the Penal Code. Section 31.06 of the Penal Code, entitled "Presumption for Theft by Check," does not create a separate, specific offense, and a person is not prosecuted for theft by check under section 31.06. When the defendant obtains property by issuing a check without sufficient funds, section 31.06 provides an evidentiary presumption of intent to deprive the owner of property which is ancillary to the general theft statutes. See Christiansen v. State, 575 S.W.2d 42, 45 (Tex. Crim. App. 1979); Sulacia v. State, 631 S.W.2d 569, 571 (Tex. App. - El Paso 1982, no writ). Section 31.06 provides that if a person obtains property or services by issuing or passing a check when the issuer did not have sufficient funds in the bank for payment in full of the check, the person's intent to deprive the owner of property under section 31.03 or to avoid payment for services under section 31.04 is presumed if

(1) he had no account with the bank or other drawee at the time he issued the check or order; or

(2) payment was refused by the bank or other drawee for lack of funds or insufficient funds, on presentation within 30 days after issue, and the issuer failed to pay the holder in full within 10 days after receiving notice of that refusal. (Emphasis added).

A similar evidentiary presumption of knowledge of insufficient funds is provided by section 32.41 of the Penal Code for the offense of issuing or passing a bad check. Under section 32.41, a person commits an offense if he issues or passes a check for the payment of money knowing that the issuer does not have sufficient funds on

deposit with the bank for the <u>payment in full of the check.</u>   Subsec. (a).  Subsection (b) states that

> This section does not prevent the prosecution from establishing the required knowledge by direct evidence; however, for purposes of this section, the issuer's knowledge of insufficient funds is presumed (except in the case of a postdated check or order) if:
>
> > (1) he had no account with the bank or other drawee at the time he issued the check or order; or
>
> > (2) payment was refused by the bank or other drawee for lack of funds or insufficient funds on presentation within 30 days after <u>issue and the issuer failed to pay the holder in full within 10 days after receiving notice of that refusal</u>.  (Emphasis added).

Presentment, dishonor, notice, and subsequent failure to pay are necessary to support both of those presumptions.  <u>See</u> <u>Sulacia v. State</u>, 631 S.W.2d at 572.  It is our opinion that the evidentiary presumptions of an essential element of the offenses of theft and issuance of a bad check apply where the issuer fails to pay the holder the full amount of the check after dishonor and notice and that refusal to pay a processing fee does not affect those presumptions. It should be noted, however, that regardless of the existence of such presumptions, the prosecution may establish the elements of the offense by direct evidence.

In addition to the evidentiary presumption of the issuer's knowledge of insufficient funds, section 32.41 of the Penal Code, as amended by the Sixty-eighth Legislature, expressly authorizes restitution of a bad check that is issued or passed by a person who knows that sufficient funds are not on deposit.  Subsection (e) states that

> [a] person charged with an offense under this section may make restitution for the bad checks. Restitution shall be made through the prosecutor's office if collection and processing were initiated through that office.  In other cases restitution may, with the approval of the court in which the offense is filed, be made through the court, by certified checks, cashiers checks, or money order only, payable to the person that received the bad checks.

For certain purposes, restitution constitutes that which is ordered by the court. See Code Crim. Proc. art. 42.03, §5(b)(4) (work release programs); art. 42.12, §8(c) (probation revocation); art. 42.12, §15(g)(1) (conditions of parole). The provisions of subsection (e) neither define nor specify the effect of "restitution." One of the fundamental rules of statutory construction is the rule that words in common use, when contained in a statute, will be read according to their natural, ordinary, and popular meaning, unless a contrary intention is clearly apparent from the context. See National Life Co. v. Stegall, 169 S.W.2d 155, 157 (Tex. 1942); Attorney General Opinion WW-1271 (1962). A dictionary may be consulted to ascertain the meaning of a word. See Board of Insurance Commissioners v. Duncan, 174 S.W.2d 326, 328 (Tex. Civ. App. - Amarillo 1943, writ ref'd); Attorney General Opinion H-1277 (1978). Black's Law Dictionary 1180 (5th ed. 1979) defines "restitution" as the act of making good or giving equivalent for any loss, damage, or injury. Since section 32.41(e) does not provide for "payment in full of the check" but, instead, provides for "restitution," we believe that the legislature intended to give the issuer the opportunity to reimburse the holder for both the amount of a dishonored check and any processing fee to which the holder is entitled.

Neither restitution nor the absence of restitution is an element of the offense of issuing a bad check. It is our opinion that the legislature intends that the effect of making restitution for having issued a bad check is within the discretion of the prosecutor whose office initiates collection and processing of the check or the judge before whom the offense is pending. See also Code Crim. Proc. art. 102.007 (fee for prosecutor's office for collecting and processing check that constitutes offense under Penal Code §31.03; §31.04; §32.41).

You inquire whether a collection agency may charge the processing fee even though the collection agency is not a party to whom the dishonored check was written. We conclude that the language of article 9022 expresses an intention on the part of the legislature to authorize the charging of a reasonable processing fee by such an agency. Article 9022 states that the holder of a check or its assignee, agent, representative, or any other person retained by the holder to seek collection of the face value of a dishonored check may charge the drawer or endorser a reasonable processing fee, not to exceed $15.

You also ask whether a civil suit is the only legal recourse of a holder of a dishonored check or of a collection agency for the collection of a processing fee authorized by article 9022, V.T.C.S. Prosecution of an offense against the state under the Penal Code is not initiated by the holder of a check or a collection agency but is determined by the state's prosecuting attorneys and the courts. A

processing fee under article 9022 is a civil matter, and the only legal recourse available to the holder of the check or a collection agency for the collection of such a processing fee is a civil suit.

## S U M M A R Y

The charge and payment of a processing fee for a dishonored check under article 9022, V.T.C.S., is a civil matter. The failure to pay the processing fee is not an element of an offense of theft or of issuance of a bad check under the Penal Code and does not affect the evidentiary presumptions provided by sections 31.06(a) and 32.41(b) of the Penal Code. A civil suit is the only legal recourse available to a holder of a dishonored check or a collection agency for the collection of such a processing fee.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General