**Norman Jean SULACIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00043–CR.**

Court of Appeals of Texas,
El Paso.

March 24, 1982.

James K. Edwards, Odessa, for appellant.

Wm. M. Holmes, Dist. Atty., Odessa, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a jury conviction for theft of property over $10,000.00 in value. The Appellant entered a plea of true to one enhancement allegation, and the court assessed punishment at sixteen years confinement. We affirm.

On Saturday, May 6, 1978, the Appellant purchased a 1977 Lincoln Continental automobile from Cecil Voss at Frontier Motors in Odessa, Texas. The value of the automobile was $12,000.00.

Mr. Voss testified that the Appellant instructed him to prepare the paperwork for a meeting the following Monday. At that time, Appellant was to advise Voss of whether to register the vehicle in Texas or New Mexico. Voss further stated that he was induced to release the vehicle by the Appellant's offer of a draft for $12,698.00, drawn on the First National Bank of Hobbs, New Mexico. The Appellant gave Voss the name of a bank officer, Edward Gibtson. At Voss's request, the Appellant placed a telephone call apparently to Gibtson's home. Upon completing the call, the Appellant advised Voss that Gibtson had gone fishing and that, in fact, the Appellant had forgotten that he was supposed to accompany him. Voss released the vehicle after preparing the draft.

On the following Monday, the Appellant failed to appear. Voss contacted the bank and discovered the bank had no knowledge of either Edward Gibtson or the Appellant. Formal presentment and dishonor took place on May 16, 1978. The vehicle was recovered by law enforcement personnel in Hobbs.

Wilma Parks testified that she was the operational officer at the First National Bank of Hobbs, having served in that ca-pacity for eighteen months. She had worked at the Bank for a total of ten years. At the time of the alleged offense, she was the head teller. She knew all two hundred employees of the Bank, including the fifty Bank officers and the fifteen officers who had authority to accept drafts over $10,-000.00. From her personal knowledge and review of the Bank records, she determined that no Edward Gibtson had ever been employed at the Bank, in any capacity. In addition, no account or line of credit had ever been established in the Appellant's name.

Appellant presents five grounds of error: insufficient evidence that the draft was presented at the proper bank; insufficient evidence that the Appellant had no account at the bank; insufficient evidence that the instrument was a check or sight order; failure to charge the jury on the statutory presumption of intent under Penal Code Section 31.06; and fundamental error in the indictment due to failure to plead the elements of the statutory presumption.

Appellant's entire presentation is predicated on an erroneous assumption that this was a prosecution for theft by check, under Penal Code Section 31.06. That section does not create a separate, specific offense. It merely provides an evidentiary presumption of intent to deprive which is ancillary to the general theft statute, Section 31.03. *Christiansen v. State*, 575 S.W.2d 42, 45 (Tex.Crim.App.1979). In this case, the indictment alleged the offense in terms of the basic elements of theft set out in Section 31.03. The State's theory was theft by deception, theft by check being simply one variety of such offense.

The State did not rely on the statutory presumption in its efforts to prove the Appellant's intent to deprive Voss of his automobile. Subsection (d) of Section 31.06, expressly provides that the State's mode of proof is not restricted to the provisions of the statutory presumption. In *Christiansen*, the indictment was also drafted under Section 31.03, without recourse to Section 31.06. At trial, the State similarly avoided

reliance on the statutory presumption, demonstrating intent by the introduction of seventy-two extraneous bad check transactions. The pleadings and evidentiary procedure were approved by the Court of Criminal Appeals. *Christiansen* at 45.

In his first three grounds of error, Appellant challenges the sufficiency of the evidence on three specific fact questions. Consistent with his erroneous perception of the framework of this prosecution, the challenge assumes each of these factual issues to be an essential element of the offense. That is not the case. Instead, the factual elements should be viewed in terms of a total evaluation of the sufficiency of the evidence of intent to deprive and mode of deception.

█ Ground of Error No. Three questions the sufficiency of the evidence that State's Exhibit One was a check or sight order for the payment of money. This would be essential for reliance on the Section 31.06 statutory presumption. In this case, however, it is totally irrelevant whether the document be categorized as a check, sight order, draft, promissory note or any other form of commercial paper. All that is necessary is that it have been a negotiable instrument of deception. Ground of Error No. Three is without merit and is overruled.

In Ground of Error No. One, Appellant contends that the evidence was insufficient to show the instrument was presented at the correct bank. In Ground No. Two, he challenges the evidence demonstrating that he had no account at that bank. Both grounds are without merit from theoretical and factual standpoints.

█ Presentment, dishonor, notice and subsequent failure to pay are essential to support the statutory presumption of intent to deprive. Here, without reliance on the presumption, they merely provide increments of the cumulative evidence of mental culpability and the manner and means of committing the offense. The pleadings and quality of the evidence may preclude the State from relying on the Section 31.06 presumption. This does not mean, however,

that the proof offered on these issues is without probative value or that the jury may not utilize this evidence on a general assessment of the proof of culpable intent and mode of deception.

█ Viewing the theory of the prosecution in this manner and viewing the evidence in a light most favorable to the verdict, we find that the evidence as to the intended bank and the absence of an account in Appellant's name was sufficient to support the jury's ultimate verdict. Mr. Voss testified that the Appellant gave him the name and location of the bank, First National Bank of Hobbs, New Mexico. This appears on the instrument, together with the purported home address of the Appellant in Hobbs. Mrs. Parks testified that there is only one First National Bank in Hobbs.

█ Mrs. Parks further testified that no account or line of credit existed at the bank in Appellant's name. Appellant's challenge to the predicate for Mrs. Parks's testimony is without merit. It was not necessary for the State to present a formal job description of her duties as operational officer or former duties as head teller at the time of the offense. The predicate sufficiently demonstrated her competency to testify as to the absence of any account in Appellant's name. The questions now raised on appeal pertain to the weight of her testimony and are more appropriate for trial cross-examination.

Her testimony as to the absence of such an account was admissible, probative and supportive of the jury's verdict. This is also true of her testimony as to the purported bank officer, Edward Gibtson. Ground of Error No. Two is overruled.

█ Considering the evidence concerning Appellant's offer of a draft on a specific bank in which he had no account or line of credit, the tender of the name of an apparently fictitious bank officer, the purported attempt to contact such officer, the fishing-trip story, and the failure of the Appellant to return to the victim's place of business for the necessary transfer papers, it is clear

why the State did not find it necessary to rely on the Section 31.06 presumption.

Even if the State had relied on such a presumption and presented the requisite proof, it is questionable that a defendant could place appellate reliance on failure of a trial court to instruct the jury in accordance with Section 31.06. It is a rare case in which harm will result to a defendant from the exclusion of a charge favorable to the State. In any event, here, the State did not rely on such a presumption, and no error is present in the court's charge. Ground of Error No. Four is overruled.

For the foregoing reasons, the challenge to the indictment is also without merit. *Christiansen; See also Chapa v. State*, 420 S.W.2d 943, 944–945 (Tex.Cr.App. 1967). Appellant's complaint would have been more appropriately presented in a motion to quash the indictment challenging the sufficiency of the notice to enable him to prepare a defense, particularly on the issue of lack of consent due to deception. No such motion was presented. The indictment is sufficient under the law and the facts of this case. Ground of Error No. Five is overruled.

The conviction is affirmed.