**Joseph RICHIE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–86–012–CR.**

Court of Appeals of Texas, Beaumont.

Nov. 26, 1986.

Jerald D. Crow, Darden, Fowler & Creighton, Conroe, for appellant.

Peter Speers, II, Dist. Atty., Conroe, for appellee.

OPINION

BURGESS, Justice.

Joseph Richie was found guilty, by a jury, of theft of over $10,000. They assessed his punishment at five years confinement in the Texas Department of Corrections and a fine of $10,000. They further recommended that both the fine and imprisonment be suspended and that Mr. Richie be placed on probation for a period of ten years. Mr. Richie appeals the sufficiency of the evidence to sustain his convic-

tion, and alleges the trial court erred in charging the jury as to the presumption for theft by check under *TEX.PENAL CODE ANN. sec. 31.06* (Vernon 1974).

█ Many of the facts were undisputed. Mr. Richie operated a business known as The Original Woodshed, which manufactured furniture. Mr. Richie purchased lumber from various sources for his business, one of which was Cherokee Lumber (Cherokee) in Nachogdoches, Texas. On June 10, 1982, Cherokee delivered a load of lumber to Mr. Richie. Mr. Richie paid for the delivery with four equal checks, each dated June 10, 1982. Thereafter, the checks were presented for payment twice and each time were returned unpaid because of insufficient funds in Mr. Richie's business account. Thereafter, Cherokee sent a certified letter to the address on the checks in an attempt to collect them, but it was returned unclaimed.

While some of the facts were undisputed, many more were hotly disputed. Mr. Richie testified he never intended to defraud anyone, that there were oral agreements to negotiate the checks separately and at two week intervals, that he never knew of any certified letter and generally, while his business was in shambles, there was no criminal wrongdoing. To put it mildly, the issues were joined before the jury. The standard for reviewing the sufficiency of the evidence, is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of the facts could have found the essential elements of the crime beyond a reasonable doubt. *Cordova v. State*, 698 S.W.2d 107 (Tex.Crim.App. 1985). Further, the jury, as a trier of fact, was the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given their testimony. In exercising that function, they could believe or reject any part of a witnesses' testimony. We find the evidence sufficient to sustain the jury's verdict.

The jury was charged on the presumption created by *sec. 31.06* of the Penal Code as follows:

III.

You are charged further that our law provides that if an actor obtains property by issuing or passing a check when the issuer did not have sufficient funds in or on deposit with the bank for the payment in full of the check as well as all other checks then outstanding his intent to deprive the owner of property under Section 31.03 of the Penal Code (Theft) is presumed (except in the case of a post-dated checks [sic]) if payment was refused by the bank for lack of funds or insufficient funds, on presentation within 30 days after issue, and the issuer failed to pay the holder in full within 10 day [sic] after receiving notice of that refusal.

For purposes of this provision, notice may be actual notice or notice in writing, sent by registered or certified mail with return receipt requested or by telegram with report of delivery requested, and addressed to the issuer at his address shown on:

1. the check or order;
2. the records of the bank or other drawee; or
3. the records of the person to whom the check or order has been issued or passed.

If written notice is given in accordance with Paragraph III, it is presumed that the notice was received no later than five days after it was sent. The presumption described above is rebuttable.

You are charged further:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt, you may find that the element of the offense sought to be presumed (that is, intent to deprive the owner of property) existed at the time in question, but you are not bound to so find;

(C) that even though you may find the existence of such element, the State must prove beyond a reasonable doubt

each of the other elements of the offense charged; and

(D) that if you have a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and you shall not consider the presumption for any purpose.

Appellant complains of this instruction because (a) the presumption was not pled in the indictment, (b) the charge allowed the jury to convict on a theory not alleged in the indictment, and (c) the charge was not supported by the evidence.

*Section 31.06* does not separately create a specific offense. It merely provides an evidentiary presumption of intent to deprive which is ancillary to the general theft statute, and codifies a presumption which the state may rely upon in appropriate cases. *Sulacia v. State,* 631 S.W.2d 569 (Tex.App.—El Paso 1982, no pet.). Many times there will be evidence to demonstrate a defendant's intent without exclusive reliance on the presumption. *Section 31.-06(d)* specifically allows direct evidence of intent independent of the presumption it creates. *Christiansen v. State,* 575 S.W.2d 42 (Tex.Crim.App.1979).

■ An indictment is sufficient if it alleges the offense in ordinary and concise language. It need not plead absolute factual allegations. *Thomas v. State,* 621 S.W.2d 158 (Tex.Crim.App.1981). Here, the presumption is not an element of the offense as defined by *TEX.PENAL CODE ANN. sec. 1.07(a)(13)* (Vernon 1974), and need not be plead in the indictment. Further, in this instance, it was adequately raised by the evidence. There was no error in the instruction to the jury. All grounds of error are overruled. The judgment of the trial court is affirmed.

AFFIRMED.