Harry Robert GEUDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–01013–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 2002.

Jay W. Burnett, Houston, for appellants.

Donald W. Rogers, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Harry Robert Geuder challenges his conviction for aggregate theft, asserting: (1) the trial court erred in allowing the State to impeach appellant with proof of prior convictions when he had not been given notice pursuant to Texas Rule of Evidence 609(f); (2) the trial court erred by refusing to charge the jury on the presumption for theft by check set forth in section 31.06 of the Texas Penal Code; and (3) the trial court erred in denying a mistrial because of the State's improper suggestion during final argument that appel-

lant was guilty of other, uncharged, crimes. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Within the span of four days in early November 1999, appellant sought to purchase vehicles from Mark John,[1] Marvin Schwartz,[2] and Horace Ashabranner.[3] In each case, while appellant's companions drove the sale vehicles away, appellant tendered a worthless check for payment over the objections of the sellers and hastily left the scene. On December 7, 1999, however, appellant sought to purchase a truck from Patrick Williams. After handing over the title and owner's manual, Mr. Williams allowed appellant's companion to test drive the truck. Appellant remained behind, but thereafter returned to his vehicle for the ostensible purpose of making a cellular telephone call and drove away. Mr. Williams set off in pursuit, and managed to alert Harris County Sheriff's dep-

uties to his plight. Shortly thereafter, the police stopped and arrested appellant.

A jury convicted appellant of the felony offense of aggregate theft, upon a plea of not guilty. Appellant pled true to two enhancement paragraphs, and the jury assessed punishment at eighty years' confinement in the Texas Department of Criminal Justice Institutional Division.

## II. ISSUES AND ANALYSIS

### A. Texas Rule of Evidence 609(f)

■ In his first point of error, appellant contends the trial court erred in allowing the State to impeach him with proof of prior convictions when he had not been given notice pursuant to Texas Rule of Evidence 609(f). Specifically, appellant complains that despite requesting no less than ten days' notice of the State's intent to use evidence of prior convictions and

---

1. On November 4, 1999, Mr. John agreed to sell his truck to appellant and accompany him to appellant's bank to receive the purchase price of $6,200 in cash. In addition, Mr. John consented to have appellant's companion drive his truck to the bank, while he followed appellant's vehicle in another automobile. During the twenty-mile freeway journey, however, Mr. John lost sight of the truck and, while exiting, was struck by appellant's vehicle. Appellant thereupon approached Mr. John's vehicle, advised him he had an emergency, threw a check in the amount of $6,200 into the car, and fled the scene. After notifying police, Mr. John telephoned appellant's bank and was advised that the check was invalid. Mr. John thus did not endorse the check or present it for payment.

2. On November 5, 1999, appellant induced Mr. Schwartz to sell his truck and accompany appellant to his bank to receive the purchase price of $10,000 in cash. Mr. Schwartz signed over the title documents to the truck and consented to have appellant's companion drive it to the bank while he followed in appellant's vehicle. Upon arriving at his bank, appellant wrote Mr. Schwartz a personal check in the amount of $9,999, advised him to go inside and cash it, and, after Mr.

Schwartz disembarked, drove off hurriedly. Mr. Schwartz thereafter presented appellant's check to the bank for payment and was informed that it was worthless. Mr. Schwartz thus did not endorse the check. Appellant later sold Mr. Schwartz's vehicle for $1,600.

3. On November 8, 1999, Mr. Ashabranner agreed to sell his car to appellant and accompany him to appellant's bank to receive the purchase price of $6,250 in the form of a cashier's check. Mr. Ashabranner turned over the title to his vehicle unsigned, and consented to have appellant's companion drive his car to the bank while he went with appellant. Upon arriving to what appellant claimed was a branch of his bank, appellant handed Mr. Ashabranner a personal check and instructed him to cash it while he waited outside. Mr. Ashabranner presented the check, discovered that the bank was not a branch of appellant's bank, and returned outside to find both his car and appellant's truck gone. In the belief that the check was worthless, Mr. Ashabranner did not endorse it. Appellant later sold Mr. Ashabranner's vehicle for $1,600.

receiving no response, the trial court permitted evidence to be introduced concerning appellant's prior convictions for criminal mischief and unauthorized use of a motor vehicle.

We need not address the substance of this issue. Although he filed a motion in limine to prohibit such questioning, which the trial court denied, appellant failed to object when the prosecutor inquired into his prior convictions, and thus he has failed to preserve error, if any. *See* Tex.R.App. P. 33.1; *Webb v. State*, 760 S.W.2d 263, 275 (Tex.Crim.App.1988) (stating that "[i]t is axiomatic that motions in limine do not preserve error"); *see also Ortiz v. State*, 825 S.W.2d 537, 541 (Tex.App.-El Paso 1992, no pet.) ("Neither the granting nor denial of a motion in limine is alone sufficient to preserve error for appellate review; error is properly preserved by objecting at the very time the evidence is offered at trial before the trier of fact."). Appellant forfeited his complaint on appeal by failing to object when the State inquired into his prior convictions at trial. Accordingly, appellant's first point of error is overruled.

### B. Refusal to Charge Presumption for Theft by Check

In his second point of error, appellant complains the trial court erred by refusing to charge the jury on the presumption for theft by check set forth in section 31.06 of the Texas Penal Code. Specifically, appellant contends that the trial court's failure to instruct the jury on his alleged right to an opportunity to make good on his checks to Messrs. John, Schwartz, and Ashabranner irreparably injured appellant's defense that he was merely an incompetent bookkeeper who would have made good on his debts but was denied the opportunity.

■ Section 31.06 of the Texas Penal Code, entitled "Presumption for Theft by Check," does not separately create a specific offense, but rather provides a statutory presumption of intent to deprive the owner of property under section 31.03 of the Texas Penal Code if the actor obtained property by passing a check when the issuer did not have sufficient funds in the bank. Tex. Pen.Code Ann. § 31.06(a) (Vernon Supp.2000); *Richie v. State*, 721 S.W.2d 560, 562 (Tex.App.-Beaumont 1986, no writ). The presumption requires predicate evidence of insufficient funds on deposit as of the date of the issuance or passage of the check and failure on the part of the issuer to pay the holder in full within ten days after receiving notice of the bank's refusal to pay. Tex. Pen.Code Ann. § 31.06(a)(2) (Vernon Supp.1999).[4]

---

4. Section 31.06 provides:

(a) If the actor obtained property or secured performance of service by issuing or passing a check or similar sight order for the payment of money, when the issuer did not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders then outstanding, it is prima facie evidence of his intent to deprive the owner of property under Section 31.03 (Theft) including a drawee or third-party holder in due course who negotiated the check or to avoid payment for service under Section 31.04 (Theft of Service) (except in the case of a postdated check or order) if:

(1) he had no account with the bank or other drawee at the time he issued the check or order; or

(2) payment was refused by the bank or other drawee for lack of funds or insufficient funds, on presentation within 30 days after issue, and the issuer failed to pay the holder in full within 10 days after receiving notice of that refusal.

(b) For purposes of Subsection (a)(2) or (f)(3), notice may be actual notice or notice in writing that:

(1) is sent by registered or certified mail with return receipt requested or by telegram with report of delivery requested;

(2) is addressed to the issuer at his address shown on:

Section 31.06 thus does not establish a defense, but "merely provides an evidentiary presumption of intent to deprive which is ancillary to the general theft statute." *Christiansen v. State*, 575 S.W.2d 42, 45 (Tex.Crim.App.1979).

■ In this case, the State did not rely on the statutory presumption of section 31.06 to prove appellant's intent to deprive Messrs. John, Schwartz, and Ashabranner of their automobiles.[5] Rather, as permitted by section 31.06(d), the State established the requisite intent by means of evidence independent of the presumption. *See* Tex. Pen.Code Ann. § 31.06(d) (Vernon Supp.2000); *see also Richie*, 721 S.W.2d at 562 (declaring that "[m]any times there will be evidence to demonstrate a defendant's intent without exclusive reliance on" section 31.06); *Sulacia v. State*, 631 S.W.2d 569, 571 (Tex.App.-El Paso 1982, no writ) (noting that "the State's mode of proof is not restricted to the provisions of the statutory presumption"). Appellant argues, however, that error occurred when he was denied a charge on the converse of the presumption: that the caveats included in section 31.06 are intended to protect an inept bookkeeper from being too hastily accused of criminal malfeasance, and that but for the denial of those safeguards, appellant could have compensated Messrs. John, Schwartz, and Ashabranner.

Section 31.06 "codifies a presumption which the [S]tate may rely upon in appropriate cases." *Christiansen*, 575 S.W.2d at 45. It is thus doubtful whether appellant has any ability to claim error in the exclusion of the presumption from the charge. *See Sulacia*, 631 S.W.2d at 573 (noting that "it is questionable [whether] a defendant could place appellate reliance on failure of a trial court to instruct the jury in accordance with Section 31.06"). Nevertheless, even were appellant able to make such a challenge, his purported defense—that he was merely a sloppy or negligent businessman who would have happily made good

(A) the check or order; (B) the records of the bank or other drawee; or

(C) the records of the person to whom the check or order has been issued or passed; and

(3) contains the following statement:

"This is a demand for payment in full for a check or order not paid because of a lack of funds or insufficient funds. If you fail to make payment in full within 10 days after the date of receipt of this notice, the failure to pay creates a presumption for committing an offense, and this matter may be referred for criminal prosecution."

(c) If written notice is given in accordance with Subsection (b), it is presumed that the notice was received no later than five days after it was sent.

(d) Nothing in this section prevents the prosecution from establishing the requisite intent by direct evidence.

(e) Partial restitution does not preclude the presumption of the requisite intent under this section.

(f) If the actor obtained property by issuing or passing a check or similar sight order for the payment of money, the actor's intent to deprive the owner of the property under Section 31.03 (Theft) is presumed, except in the case of a *postdated* check or order, if:

(1) the actor ordered the bank or other drawee to stop payment on the check or order;

(2) the bank or drawee refused payment to the holder on presentation of the check or order within 30 days after issue;

(3) the owner gave the actor notice of the refusal of payment and made a demand to the actor for payment or return of the property; and

(4) the actor failed to:

(A) pay the holder within 10 days after receiving the demand for payment; or

(B) return the property to the owner within 10 days after receiving the demand for return of the property.

Tex. Pen.Code Ann. § 31.06 (Vernon Supp. 2000).

5. Appellant made no effort to tender any form of payment to Mr. Williams before bolting, rendering the statutory presumption of 31.06 clearly inapplicable as to that incident.

on his debts, had he only been given the opportunity—would prove unavailing. Appellant's defensive theory "does no more than negate an element of the charged offense," in that it attempts to show appellant did not intend to deprive Messrs. John, Schwartz, and Ashabranner of their automobiles, and therefore "does not warrant an affirmative instruction to the jury on that defense." *Giesberg v. State*, 984 S.W.2d 245, 249 (Tex.Crim.App.1998).

▆ "It is a rare case in which harm will result to a defendant from the exclusion of a charge favorable to the State." *Sulacia*, 631 S.W.2d at 573. This is not such a case. We overrule appellant's second issue.

### C. Improper Jury Argument

In his third point of error, appellant argues that the prosecutor committed reversible error in his final argument at the guilt/innocence phase of the trial. Appellant complains of the portion of the prosecutor's argument in which he suggested that appellant was guilty of other, uncharged, crimes. Specifically, appellant complains that the effect of the statement "[w]ho knows how many other people [appellant] has stolen from in other counties" could not be cured by the trial court's instruction to disregard.

▆ There are four areas of permissible prosecutorial jury argument: summation of the evidence, reasonable deduction from the evidence, answer to argument of opposing counsel, and plea for law enforcement. *Harris v. State*, 827 S.W.2d 949, 963 (Tex.Crim.App.), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). Counsel is given wide latitude in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim.App.1988). The prosecutor may not, however, use argument to present evidence to the jury that is outside the record. *Id.* (citing *Jordan v. State*, 646 S.W.2d 946, 948 (Tex.Crim.App.1983)).

▆ It was improper for the prosecutor to go beyond the evidence by asserting that appellant was guilty of crimes not alleged in the indictment or supported by the evidence. *See Melton v. State*, 713 S.W.2d 107, 114 (Tex.Crim.App.1986); *Pittman v. State*, 9 S.W.3d 432, 435 (Tex. App.-Houston [14th Dist.] 1999, no pet.). Therefore, the trial court correctly sustained appellant's objection and instructed the jury to disregard. *Id.* (citing *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex.App.-Fort Worth 1997, pet. ref'd), for the proposition that almost any improper argument may be cured by an instruction to disregard).

▆ Mistrials should be granted only when an objectionable event is "so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant." *Sanders v. State*, 25 S.W.3d 854, 858 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (citing *Bauder v. State*, 921 S.W.2d 696, 698 (Tex.Crim.App. 1996)). Because curative instructions are presumed efficacious to withdraw from jury consideration almost any argument that is objectionable, trial conditions must be extreme before a mistrial is warranted. *See id.* Here, because the trial court properly instructed the jury to disregard, and that instruction is presumed effective, a mistrial was not appropriate. The trial court did not err, and thus we overrule appellant's final point of error.

Accordingly, we affirm the judgment of the trial court.