Affirmed and Memorandum Opinion filed April 3, 2003














Affirmed and
Memorandum Opinion filed April 3, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00544-CR

_______________

 

JAMES EDWARD DIXON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 807,855

__________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            A jury convicted appellant, James
Edward Dixon, of delivery of cocaine, weighing less than one gram, and the trial
court sentenced him to confinement in a state jail facility for eight
months.  Appellant appeals his conviction
on the grounds that:  (1) the trial court
erred in denying his motion in limine; and (2) he was
denied a fair trial because the prosecutor’s comment during closing argument
constituted an improper argument, striking over the shoulders of his defense
counsel.  We affirm.

                                                          Motion in Limine

            In his first issue, appellant argues
that the trial court erred by denying appellant’s motion in limine
regarding evidence of field tests used during his arrest because they do not
meet the standards recognized in the scientific community.  However, a ruling on a motion in limine does not preserve error for review.  Tex.R.App.P. 33.1; Wilson v. State, 7 S.W.3d 136, 144 (Tex.
Crim. App. 1999); Geuder v. State, 76 S.W.3d 133, 136 (Tex. App.—Houston [14th
Dist.] 2002, pet. filed).  Rather,
appellant must make a proper objection to the proffered evidence or request a
limiting instruction.  McDuff v. State, 939 S.W.2d 607, 618 (Tex. Crim. App. 1997); Webb
v. State, 760 S.W.2d 263, 275 (Tex. Crim. App.
1988).  Because appellant did not request
a limiting instruction or make an objection when the testimony concerning field
tests was offered at trial, he failed to preserve error, if any.  See
id.  Therefore, appellant’s first
issue presents nothing for our review and is overruled.  

                                                      Improper Argument

            In his second issue, appellant
contends that he was denied a fair trial when the trial court overruled his
objection to the prosecutor’s alleged improper argument, striking over the
shoulders of his defense counsel.  The
proper areas of jury argument are (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answers to the argument of opposing counsel;
and (4) pleas for law enforcement.  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). 
However, a remark that strikes at the defendant through his counsel is
improper.  Coble v. State, 871 S.W.2d 192, 205 (Tex. Crim.
App. 1993).  

            In this case, appellant’s counsel
made the following statement during closing argument: “It’s pathetic that officers that are supposed
to be that experienced would come in here and tell you they picked up what they
considered a drug dealer, let him go without proper identification.  That’s unbelievable.”  (emphasis added)  Thereafter, the prosecutor commented as
follows during her closing statement: “I ask you to use your reason and your
common sense in this case.  Now, the only
thing pathetic in this case is – the defense attorney said something was
pathetic – ” (emphasis added). 
Appellant’s counsel objected to the prosecutor’s argument, and the court
overruled the objection.  The prosecutor
did not thereafter characterize anything about the defense as “pathetic” or use
the word “pathetic.”

            On the basis of this record, we
cannot say that the trial court erred in overruling appellant’s objection or
that the prosecutor struck at him over defense counsel’s shoulders.  See
id.  Rather, the State’s comment was
clearly a direct response to appellant’s closing argument and thus constituted
proper jury argument.  See id.; see also Sandoval v. State, 52 S.W.3d 851, 858 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d), Corpus v. State, 30 S.W.3d 35, 40 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  Accordingly, we overrule appellant’s second
issue and affirm the judgment of the trial court.

                                                                                    

                                                                        /s/        Paul C. Murphy

                                                                                    Senior
Chief Justice

 

Judgment rendered and Opinion filed
April 3, 2003.

Panel consists of Chief Justice
Brister, and Justices Fowler and Murphy.[1]

Do Not Publish — Tex. R. App. P. 47.2(b).

 











[1]           Senior Chief Justice Paul C. Murphy
sitting by assignment.