Affirmed and Opinion filed _____________, 2002














Affirmed and Memorandum
Opinion filed July 17, 2003.                                                     

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00718-CR

NO. 14-02-00722-CR

NO. 14-02-00724-CR  

____________

 

RONNIE GENE
GALLIER, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 232nd District Court

                                                           Harris
 County, Texas                       

Trial Court Cause Nos.
874,842; 895,768; 895,769




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

A jury found appellant guilty of three felony counts of
aggravated sexual assault of a child and assessed punishment at 30 years’
confinement.  The facts of this appeal
are known to the parties, so we do not recite them here.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.  We affirm.

1. Hearsay

            First, appellant
contends the trial court erred in admitting hearsay testimony.  Although his brief is not entirely clear,
this appears to refer to the testimony of two witnesses over objection
regarding statements made by the complainant immediately after the assault.  The State argues the statements were
admissible as excited utterances.  We
review the trial court’s decision for an abuse of discretion.  Weatherred v. State, 15 S.W.3d 540,
542 (Tex. Crim. App. 2000).  

            Technically, neither
statement was hearsay.  A statement is
not hearsay if 1) the declarant testified and was
subject to cross-examination concerning the statement, 2) the statement is
consistent with the declarant’s testimony, and 3) the
statement is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or
motive.  Tex. R. Evid. 801(e)(1)(B).   Here, the complainant testified to the
statements and was cross-examined by defense counsel.  Throughout the trial, appellant argued he was
the victim of a false accusation motivated by marital conflict, greed, and
revenge.[1]
Therefore, the trial court properly admitted the statements to show the
complainant made them before she could have been improperly influenced, and
were not a recent fabrication.

Furthermore, as the complainant had previously testified
without objection to the same facts, appellant waived any error.  See
Reyes v. State, 84 S.W.3d 633, 638 (Tex. Crim.
App. 2002) (finding a party waives error regarding improperly admitted evidence
if that same evidence is admitted elsewhere without objection).  Thus, the issue is overruled.

 

2. Extraneous
Offense

            Second, appellant argues
the trial court erred in admitting evidence of an extraneous offense because
the State failed to provide adequate and reasonable notice.  Appellant complains testimony by the
complainant’s therapist involving an alleged extraneous offense did not
properly provide him with notice, contending the State failed to discuss each alleged aggravated sexual assault with specificity.  Assuming without deciding whether the State
failed to provide proper notice, appellant waived any error by failing to
object when the complainant first brought out the same evidence.  See Reyes,
84 S.W.3d at 638.  Consequently, we overrule this issue.

3. Request for a Mistrial

            In his final issue,
appellant argues the trial court erred in denying his request for a mistrial
after sustaining his objection to testimony by the complainant’s therapist.[2]  A mistrial should be granted only when an
objectionable event is so emotionally inflammatory that curative instructions
are not likely to prevent the jury from being unfairly prejudiced against the
defendant.  See Geuder v. State, 76 S.W.3d 133, 138 (Tex.
App—Houston [14th Dist.] 2002, no
pet.).  Because curative instructions are
presumed efficacious to withdraw from jury consideration almost any argument
that is objectionable, trial conditions must be extreme before a mistrial is
warranted.  See id.  

            Here, the excluded
testimony concerned allegations that were no more serious than those admitted,
but simply took place in another room.  Because
the trial court properly instructed the jury to disregard, and that instruction
is presumed effective, a mistrial was not appropriate.  The trial court did not err, and thus we
overrule appellant's final issue.

            The judgment is
affirmed. 

/s/        Scott Brister

                                                                                    Chief Justice

 

Judgment
rendered and Memorandum Opinion filed July
 17, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Frost.

Do
Not Publish — Tex. R.
App. P. 47.2(b).

 

 











[1]
[DEFENSE COUNSEL] (opening statement):       I
do want to remind you of what I had initially asked you as to what might be
possible factors for a false accusation in terms of marital conflict and greed
and revenge against somebody that she obviously was in a hurry to get out of
her life, what better way to rid yourself of a spouse and have him out of the
way to start dating or living with a new person and to accuse him with such a
crime as my client is being accused of.





[2] [DEFENSE
COUNSEL]:                     Your Honor
I’m going to object at this point.  May I
approach?

  [THE COURT]:                                   Yes.

.   .   .   .

  [THE COURT]:                                   I have other
reasons and I have to agree.  I’m going
to sustain his objections.

  [DEFENSE COUNSEL]:                     Your Honor I would ask that an instruction be
given to the jury to disregard that last statement. 

  [THE COURT]:                                   All
right.  Disregard the witness’ last
comment.

  [DEFENSE COUNSEL]:                     Also ask for a mistrial at this point Your
Honor.

  [THE COURT]:                                   Denied.