Affirmed and Memorandum Opinion on Remand filed April 22, 2008








Affirmed and Memorandum Opinion on Remand filed April 22,
2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01259-CR

____________

 

ANTHONY DIXON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
23rd District Court

Brazoria County, Texas

Trial Court Cause No. 43,408

 



 

M E M O R A N D U M  O P I N I O N  O N  R E M A N D 








A jury convicted appellant, Anthony Dixon, of aggravated
sexual assault of a child and assessed punishment at thirty-five years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  See
Tex. Penal Code Ann. ' 22.021 (Vernon 2003).  This court
reversed appellant=s conviction and remanded for a new trial
finding the trial court committed reversible error when it failed to require
the State to make an election as to which offense identified by the evidence it
would rely upon for a conviction.  Dixon v. State, 171 S.W.3d 432, 438
(Tex. App.CHouston [14th Dist.] 2005), rev=d, 201 S.W.3d 731
(Tex. Crim. App. 2006).  The Court of Criminal Appeals granted the State=s petition for
discretionary review, and held this court erred because the trial court=s error in failing
to require the State to make an election was harmless.  Dixon v. State,
201 S.W.3d 731, 736 (Tex. Crim. App. 2006).  The Court of Criminal Appeals
remanded the case to this court for consideration of appellant=s two remaining
issues not addressed in our prior opinion.  Id.; see Dixon, 171
S.W.3d at 438 (disposing of appellant=s third and fourth
points of error in light of the decision to reverse and remand).  

In his third and fourth points of error, appellant contends
the trial court erred by (1) failing to grant his special requested jury charge
and (2) failing to grant a mistrial because of improper prosecutorial
argument.  We affirm.

Discussion

A.      Did the
Trial Court Err by Failing to Grant Appellant=s Special
Requested Jury Charge?

In his third issue, appellant argues the trial court erred
when it denied his special requested jury charge.  During various stages of the
trial, appellant moved for the State to elect which offense it would rely upon
for a conviction, but the trial court ultimately denied relief.  During the
charge conference, appellant re-urged his earlier motions to require the State
to elect and requested the trial court rewrite the jury charge to narrow the
evidence down to a specific event.  The trial court overruled these
objections.  Appellant then requested a special instruction that Alimit[ed] the jury=s consideration to
one case for the purpose of a conviction.@  The trial court
denied this request.  Appellant argues the jury charge was improper because it
did not limit the jury=s consideration to one event.  He claims
the error was harmful, therefore, we should reverse and remand for a new trial.

1.       Applicable
Law








The Court of Criminal Appeals has prescribed a two-step
test for jury charge errors.  See Arline v. State, 721 S.W.2d 348, 351
(Tex. Crim. App. 1986).  An appellate court must first determine whether error
exists in the charge.  Id.  Second, the appellate court must determine
whether sufficient harm was caused by the error to require reversal of the
conviction.  Id.  The degree of harm that must be present to require
reversal of a case depends upon whether the error was preserved or
unpreserved.  Id.  Concerning error that was preserved at trial by a
timely and specific objection,[1]
that error must have been calculated to injure the rights of the defendant.  Id.  In other words, a
defendant must have suffered some actual, rather than theoretical, harm from
the error. Id.  

2.       Analysis

In the instant case, it was error for the trial court not
to require the State to elect the offense it would use to convict appellant.  See
Dixon, 201 S.W.3d at 734; O=Neal v. State, 746 S.W.2d 769,
771 (Tex. Crim. App. 1988).  Therefore, it was error for the court to deny
appellant=s special requested charge.  See Francis v. State,
36 S.W.3d 121, 122B125 (Tex. Crim. App. 2000) (holding the
trial court erred in denying appellant=s special
requested instruction where appellant was charged with one count of indecency
with a child but the evidence at trial proved multiple incidents, and the jury
charge improperly allowed the jury to consider two separate incidents in the
disjunctive).








Accordingly, we must determine whether the error was
harmful.  See Arline, 721 S.W.2d at 351 (stating the second step in jury
charge error is a harm analysis).  In the analysis of his third issue,
appellant does not specifically state why this charge error was harmful;
however, in his discussion of jury charge error, he references his first point
of error regarding why the trial court erred in failing to require the State to
make an election.  In light of the prior decision of the Court of Criminal
Appeals, we conclude this error was also harmless.  See Dixon, 201
S.W.3d at 734B35.  Because the child=s testimony did
not meaningfully distinguish the various offenses, a limiting instruction would
have been of no practical use and there was no risk of a non-unanimous jury
verdict.  Id. at 735.  Accordingly, we find the trial court=s error in denying
appellant=s special requested instruction was not calculated to
injure the rights of the defendant.  We find defendant suffered no actual harm
from the error.  See id. at 736 (finding the trial court=s failure to
require the State to make an election did not contribute to appellant=s conviction or
punishment).  We overrule appellant=s third issue.

B.      Did the
Trial Court Err in Failing to Grant a Mistrial Because of Improper
Prosecutorial Argument?

In his fourth issue, appellant argues the trial court erred
by denying his request for a mistrial after the prosecutor made an allegedly
improper jury argument during his closing statement.  Appellant complains about
the following exchange: 

Thank you for your time.  I know you will make the appropriate
punishment in this case, but we are asking for a lot of years.  We want to make
sure this doesn=t happen to anyone else.  I mean we
think that=s appropriate.  You all will
determine for sure what=s appropriate, but he=s already sentenced her to a life
sentence for whatever psychological problems, emotional problems or for
whatever nightmares she might have, living life with the knowledge that that
[sic] he=s given her genital wartsB 

MR. VARELA:        Objection, Your
Honor, there=s no evidence that Mr. Dixon gave
her that.  It is outside the record.

THE COURT:          Sustained.

MR. VARELA:        We will request
an instruction to disregard.

THE COURT:          You=re instructed to disregard.

DEFENDANT=S MOTION FOR MISTRIAL

MR. VARELA:        Move for a
mistrial at this point, Your Honor.

THE COURT:          Denied.

Appellant argues this comment presented prejudicial
evidence not supported by the record.  Appellant argues this comment aroused
the jury=s prejudices and
passions, which lead it to sentence appellant to a long prison term even though
he was eligible for probation.








1.       Standard
of Review

When the trial court sustains an objection and instructs
the jury to disregard but denies a motion for mistrial, the issue is whether
the trial court abused its discretion by denying the mistrial.  Hawkins v.
State, 135 S.W.3d 72, 76B77 (Tex. Crim. App. 2004).  Almost any
improper argument may be cured by an instruction to disregard.  Dinkins v.
State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995).  The reviewing court
puts its faith in the jury's ability, upon instruction, to consciously
recognize the potential for prejudice and to discount the prejudice, if any, in
its deliberations.  Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App.1987). 
We presume the jury obeyed the trial court's instruction to disregard.  See
id.  A mistrial is the trial court=s remedy for
improper conduct that is so prejudicial expenditure of further time and expense
would be wasteful and futile.  Hawkins, 135 S.W.3d at 77.  








The question of whether a mistrial should have been granted
when a curative instruction has been given involves most, if not all, of the
same considerations that attend a harm analysis.  Id.  Therefore, in
cases in which constitutional rights are not implicated, courts employ a
multi-factored analysis which seeks to evaluate the effect of the harm on the
outcome of the trial.  See id.; Mosley v. State, 983 S.W.2d 249,
259 (Tex. Crim. App. 1998); Tucker v. State, 15 S.W.3d 229, 237B38 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  Those factors to be considered in
determining whether the trial court abused its discretion in denying a mistrial
include: (1) the severity of the misconduct (magnitude of the prejudicial
effect); (2) measures adopted to cure the misconduct (efficacy of any
cautionary instruction by the judge); and (3) the certainty of the punishment
assessed absent the misconduct.  See Hawkins, 135 S.W.3d at 77 (applying
the three-factor test to improper arguments during the punishment phase); Mosley,
983 S.W.2d at 259; Tucker, 15 S.W.3d at 237B38 (applying the Mosley
factors to determine if improper argument during guilt/innocence phase
constituted reversal).  We do not find any constitutional rights were impinged
upon by the prosecutor=s remarks in this case.  See Tucker,
15 S.W.3d at 237 (finding the trial court=s erroneous ruling
regarding improper comments made during jury argument involved
nonconstitutional error); Ortiz v. State, 999 S.W.2d 600, 605B06 (Tex. App.CHouston [14th
Dist.] 1999, no pet.) (finding the trial court=s error in
overruling the appellant=s repeated objections to arguments outside
the record constituted nonconstitutional error).  We therefore utilize the Mosley
factors to determine if a mistrial should have been granted. 

2.       Analysis








With respect to the first factor, we do not find the
improper argument by the State to be severe.[2] 
See Geuder v. State, 76 S.W.3d 133, 138 (Tex. App.CHouston [14th
Dist.] 2002), overruled on other grounds by 115 S.W.3d 11 (2003)
(finding a mistrial not necessary despite the statement Awho knows how many
other people defendant has stolen from in other counties@ by the prosecutor
in the guilt/innocence phase).  We presume the jury obeyed the trial court=s instruction to
disregard.  See Gardner, 730 S.W.2d at 696.  When counsel asks for a
particular instruction and the trial court accedes to the request by saying Athe jury is so
instructed,@ that instruction in most cases will be considered
effective to cure the harm from an improper argument.  Hawkins, 135
S.W.3d at 84.  In this case, the trial court immediately sustained appellant=s objection and
instructed the jury to disregard.  We find this curative measure sufficient.  See
Martinez v. State, 17 S.W.3d 677, 689B90 (Tex. Crim.
App. 2000) (finding an instruction to disregard a sufficient curative measure);
Geuder, 76 S.W.3d at 138 (same); Hamilton v. State, 818 S.W.2d
880, 882 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d) (same). In any
event, it is unlikely the prosecutor=s comment
regarding genital warts lead the jury to sentence appellant more harshly.  We
find the punishment assessed was fairly certain, regardless of the prosecutor=s improper
remarks, considering the applicable range of punishment, the severity of the
crime, and the evidence produced during the sentencing phase proving appellant
had been convicted of six other offenses in the past.  Accordingly, we hold the
trial court did not abuse its discretion in finding the prosecutor=s improper
comments to the jury were not so prejudicial that expenditures of further time
and expense would be wasteful and futile.  We overrule appellant=s fourth issue.

Conclusion

Having overruled appellant=s two remaining
issues on remand, we affirm the trial court=s judgment.

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered and Memorandum
Opinion on Remand filed April 22, 2008.

Panel consists of Justices
Anderson, Frost, and Senior Justice Hudson.*

Do Not
Publish C Tex. R. App. P. 47.2(b).       

 









[1]  Based on the facts discussed above, we believe
appellant sufficiently preserved error.





[2]  Appellant argues this case is similar to Bennett
v. State, in which this court reversed a conviction for aggravated sexual
assault of a child due to the trial court=s
failure to grant a mistrial after improper prosecutorial comments.  Bennett
v. State, 677 S.W.2d 121, 125B26
(Tex. App.CHouston [14th Dist.] 1984, no pet.).  However, in Bennett,
this court found twenty-four objections by appellant during the prosecutor=s argument at the punishment stage of trial, thirteen
of which were sustained by the trial court.  Id. at 126.  This court
found error based on the number and seriousness of the prosecutor=s improper remarks.  Id.  The instant case is
distinguishable from Bennett.  Here, the prosecutor made one comment,
which was not as prejudicial or harmful as the myriad of comments made in Bennett.

 





*  Senior Justice J. Harvey Hudson sitting by
assignment.