IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00073-CR

 

Kristopher Keith Kinchloe,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 08-00590-CRF-272

 



ABATEMENT ORDER










 

            The appellant’s brief is
overdue in this appeal.  

            We abate this appeal to the
trial court to conduct any necessary hearings within 30 days of the date of
this Order pursuant to Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  Tex. R. App. P. 38.8(b)(2), (3).

            The supplemental clerk’s and
reporter’s records required by the rule, if any, are ordered to be filed within
45 days of the date of this Order.  See id.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
abated

Order
issued and filed January 26, 2011






orm:uppercase'>Tex. Code Crim. Proc. Ann. arts.
15.04, 15.05 (Vernon 2005); Weems v. State, 167 S.W.3d 350, 355 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  By statute, the complaint must, among
other matters, “show that the accused has committed some offense against the
laws of the State, either directly or that the affiant has good reason to
believe, and does believe, that the accused has committed such offense.”  Tex. Code Crim. Proc. Ann. art.
15.05(2).

            To satisfy the Fourth Amendment, the complaint
“must provide the magistrate with ‘sufficient information to support an
independent judgment that probable cause exists for the warrant.’”  McFarland
v. State, 928 S.W.2d 482, 509 (Tex. Crim. App. 1996) (quoting Jones v.
State, 568 S.W.2d 847, 854 (Tex. Crim. App. 1978)); Weems, 167
S.W.3d at 356; accord Bell, 169 S.W.3d at 390.  The complaint, however,
“need not contain sufficient evidence that would convince a jury of the
defendant’s guilty beyond a reasonable doubt.”  McFarland, 928 S.W.2d at
509-10; accord Ford v. State, 179 S.W.3d 203, 212 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d), cert. denied, ___ U.S. ___, 127 S. Ct. 281, 166 L. Ed. 2d 215 (2006).

            We examine only the four corners of a
complaint to determine whether probable cause exists for issuance of a warrant.  Hankins, 132 S.W.3d at
388; State v. Stone, 137 S.W.3d 167, 175 (Tex. App.—Houston [1st Dist.] 2004,
pet. ref’d); Morris v. State, 62 S.W.3d 817, 821 (Tex. App.—Waco 2001,
no pet.).  Though we are limited to the facts contained in the complaint, it
must be interpreted in a common sense and realistic manner.  Hankins, 132
S.W.3d at 388.  Thus, reasonable inferences may be drawn from the facts set
forth in the complaint, and the determination of whether it provides probable
cause is made by examining the totality of the circumstances.  Ramos v.
State, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996); Stone, 137
S.W.3d at 175; Morris, 62 S.W.3d at 823; accord Hankins, 132
S.W.3d at 388.

            The complaint at issue reads in
pertinent part as follows:

BEFORE ME, the undersigned Assistant Criminal
District Attorney of Walker County, Texas, this day appeared the undersigned
Affiant, who under oath says that he has good reason to believe and does
believe that in Walker County, Texas, Keaton Vontray Glaze, hereafter styled
the Defendant, heretofore on or about the [sic] May 30, 2004, did then and
there unlawfully appropriate, by acquiring and exercising control over
property, to-wit: Merchandise, the exact name, number and kind of which is
unknown to Affiant, with intent to deprive the owner of the property, without
the effective consent of DENNIE ASHLEY the owner thereof, said property having
a value of $576.08,

 

And it is further presented in and to said court
that the above amounts were obtained pursuant to one scheme and continuing
course of conduct and total value of said amount is, $500.00 OR MORE BUT LESS
THAN $1500.00,

 

            The Affiant’s belief that the
aforesaid facts are true is based upon evidence and information obtained:

 

Your affiant, Mike Carlson, is a Certified Texas
Peace Officer and is worthy of belief.  Based upon his own investigation,
Affinity [sic] states that on May 30, 2004 Keaton Vontray Glaze, identified by
signature and Texas Driver’s License, # . . ., passed check #153, in Walker
County, Texas to WAL-MART SUPER STORE for merchandise in the amount of
$576.08.  This check was later determined to be written on May 30, 2004. 
Pursuant to Texas Penal Code section 31.06, Keaton Vontray Glaze was mailed
notification concerning this matter and the amount of the check has not been
paid.

 

            Glaze argues in his sole issue that this
complaint is deficient because:

·                   
Officer Carlson’s statement
that he conducted “his own investigation” is conclusory because he did not
state the manner in which he conducted the investigation (i.e., “[t]he
affidavit does not contain any reference to other reports” or “that [Carlson] spoke
to any witnesses or reviewed any statements or videotapes or audiotapes or
checks or any other physical evidence”);

 

·                   
“there is no mention of any
fact or conclusion learned by Officer Carlson that would support an allegation
of theft naming Dennie Ashley as the victim”; and

 

·                   
the complaint does not
indicate that an offense occurred because it does not state that the check was
not paid due to insufficient funds or account closed.

 

            Glaze’s contention that the complaint
is conclusory is similar to the contention presented by the appellant in Brooks
v. State, 76 S.W.3d 426 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  In
Brooks, a municipal court clerk made the complaint in question.[1] 
 Id. at 431.  “The court clerk swore that appellant had failed to appear
as ordered before the Municipal Court.”  Id.  However, she did not in
any manner state within the complaint the basis for this contention.  See
id.  Nevertheless, the court found the complaint sufficient stating, “because
 Shelton executed the affidavit in her capacity as court clerk, it is apparent
from the face of the affidavit that she had personal knowledge of whether
appellant failed to appear.”  Id. at 432.

            From this conclusion, it appears that
the court was drawing reasonable inferences from the face of the complaint as
it interpreted it in a common sense and reasonable manner.  See Hankins,
132 S.W.3d at 388; see also Ramos, 934 S.W.2d at 362-63; Stone,
137 S.W.3d at 175; Morris, 62 S.W.3d at 823.

            Here, the affiant Carlson stated that
he is a “Certified Texas Peace Officer” and conducted “his own investigation.” 
From these statements, the trial court could have reasonably inferred that
Carlson had reviewed offense reports, witness statements, and other evidence.  See
Brooks, 76 S.W.3d at 432; but cf. Belton v. State, 900 S.W.2d 886,
894-95 (Tex. App.—El Paso 1995, pet. ref’d) (complaint which referred to
officer’s “investigation” sufficient because it did “contain a statement that
the affiant had in his possession police reports and sworn statements, as well
as information from a witness who had actual knowledge, concerning appellant's
participation in the crimes”).  In view of the deference we must give to a
magistrate’s determination that a complaint provides sufficient probable cause,
we hold that the complaint at issue in this case is not too conclusory to
support issuance of an arrest warrant.  See Ornelas, 517 U.S. at 698-99, 116 S. Ct. at 1663; Swearingen, 143 S.W.3d at 811; Bell, 169 S.W.3d at
390.

            Glaze next argues that the complaint
is inadequate because it does not refer to “any fact or conclusion learned by
Officer Carlson that would support an allegation of theft naming Dennie Ashley
as the victim.”  In the complaint, Carlson referred to Ashley as “the owner of
the [stolen] property” but also stated that Glaze passed a check for the stolen
merchandise to a Wal-Mart Super Store.  From these allegations, the magistrate
could reasonably infer that Ashley was an employee of the Wal-Mart store from
which Glaze stole the merchandise.  See Lewis v. State, 193 S.W.3d 137,
140 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (in theft indictment
involving property stolen from corporation, corporation may be alleged as owner
but preferred practice is to allege “special ownership” in person acting for corporation);
Long v. State, 7 S.W.3d 316, 320 (Tex. App.—Beaumont 1999, no pet.)
(ownership may be alleged in employee who has greater right to possession than
defendant).

            Glaze’s final contention is that the complaint
is deficient because it does not state that his check was not paid because of
insufficient funds or a closed account.  We disagree.

            Section 31.06 of the Penal Code
provides in essence that the requisite intent may be presumed if a person
passes a check to obtain property but had no account with the bank or had
insufficient funds on deposit and failed to pay after being notified that
payment of the check had been refused by the bank.  See Tex. Pen. Code Ann. § 31.06 (Vernon 2003). 
Thus, the statute creates a presumption by which a finder of fact may determine
that a check writer intended to deprive an owner of his property.  See
Christiansen v. State, 575 S.W.2d 42, 45 (Tex. Crim. App. [Panel Op.] 1979);
Geuder v. State, 76 S.W.3d 133, 137 (Tex. App.—Houston [14th Dist.]
2002), rev’d on other grounds, 115 S.W.3d 11 (Tex. Crim. App. 2003).  However,
a statutory presumption does not constitute an element of an offense (e.g.,
“intent to deprive”).[2]  Guzman
v. State, 188 S.W.3d 185, 193 (Tex. Crim. App. 2006).

            A complaint must “show that the accused
has committed some offense against the laws of the State.”  Tex. Code Crim. Proc. Ann. art.
15.05(2).  We believe that a complaint satisfies this requirement by providing
probable cause for a magistrate to determine that the accused committed each
element of the offense charged.  We likewise believe that a complaint need not
show anything beyond the elements of the offense (i.e., “surplusage”) as
long as it satisfies the other constitutional and statutory requisites.

            Therefore, we hold that it is preferable
for a complaint in a theft-by-check case to include a statement that notice was
sent in accordance with section 31.06 and that the check remains unpaid, as was
done in this case.  However, it is not necessary for the complaint to state the
reason the check was returned by the bank unpaid.

Accordingly, we overrule Glaze’s sole issue and
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment but not the opinion of the Court without a
separate opinion)

Affirmed

Opinion delivered and
filed June 27, 2007

Publish

[CR25]









[1]
              We note that, although the Fourteenth Court identified the affiant as the municipal court clerk, there was nothing in
the complaint (as quoted in the court’s opinion) to indicate that she held this
office.  See Brooks v. State, 76 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2002, no pet.).





[2]
              But it is appropriate to
instruct the jury on this type of statutory presumption.  See Brown v. State,
122 S.W.3d 794, 799 n.17 (Tex. Crim. App. 2003).