Anthony Joseph PARADISE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–99–520–CR.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 8, 2001.

Delivered Feb. 21, 2001.

Mark M. Phillips, Conroe, for appellant.

Michael A. McDougal, District Attorney, Robert Bartlett and Marc Brumberger, Assistant District Attorneys, Conroe, for state.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

GAULTNEY, Justice.

Anthony Joseph Paradise was convicted by a jury of aggregated theft in the state jail felony range. His conviction involved twenty-eight constituent thefts via fraudulent solicitations. The amounts of the individual thefts were aggregated pursuant to TEX.PEN.CODE ANN. § 31.09 (Vernon 1994) since all the solicitations were part of "one scheme or continuing course of conduct[.]" *Id.* He received a sentence of two years imprisonment, probated for five years.

Paradise raises two points of error, both of which allege legal insufficiency of the evidence. The first point asserts that the evidence was legally insufficient to support conviction in three incidents of theft because Paradise never actually acquired or exercised control of the property. The second point asserts that the evidence was legally insufficient to support Paradise's conviction regarding ten other incidents of theft because the State's witnesses who testified regarding those thefts either could not identify Paradise in the courtroom or were not asked to identify him. Through these two points, Paradise asks that we set aside his conviction for aggravated theft and his sentence. We affirm Paradise's conviction and sentence and we overrule both points of error for the reasons set forth below.

■ In evaluating the legal sufficiency of evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We consider all evidence presented at trial, although we may not re-weigh the evidence and substitute our judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000). In his first point of error, Paradise contends that the evidence is legally insufficient to sustain a conviction regarding three constituent thefts because Paradise never cashed the checks obtained from the victims, and therefore never acquired or exercised control of the property. The State concedes that the evidence regarding these victims is legally insufficient. However, for reasons explained below, this error does not affect Paradise's conviction for aggravated theft or his sentence. We overrule point of error one because, even though it is correct as far as it goes, the point of error does not affect his conviction for aggravated theft or his sentence.

■ In his second point of error Paradise claims that the evidence was legally insufficient to support conviction for ten of the thefts, specifically those from complainants Apartment Network, Suzette Jones, Susan Richardson, Jim Kahl, Steve Weisinger, Laughlin Surveying, Metal Mart, R & D Marble, Ed Bartholet, and Robert Dugas, because they either did not or could not identify Paradise as the perpetrator of the theft.[1]

Examination of the trial record reveals that Paradise's contention that the above complainants failed to identify him from the stand is, on its face, correct. However, viewed in the context of the record as a whole, this is not sufficient to call into question the legal sufficiency of the evidence regarding the charged offense of aggregated theft.

Paradise was indicted for fraudulently soliciting and receiving donations from a number of Montgomery County businesses during September and October of 1998. The investigation began when Conroe police were notified that a man was asking local businesses for money on behalf of the "Ancient Shriners," although local Shriners stated that they knew nothing about any such fund drive. All of the victims

---

1. Point of error two also challenges the allegations regarding complainants Mike Amick and Richard Giuffre, but since the State concedes legally insufficient evidence regarding these two complainants, we will omit discussion of them.

named by Paradise in this point of error testified to the same modus operandi. They testified that a male phone caller asked for cash or checks to be donated to the "Ancient Shriners," and the donations were either picked up in person or mailed to an address dictated by the telephone solicitor.

In several instances, the lack of direct victim identification of Paradise is of minimal significance. Steve Weisinger, for example, could not have identified Paradise because he testified that he never saw the perpetrator. Susie Heintz, Weisinger's secretary, was the one who actually handed over Weisinger's check. She identified Paradise as the person who picked up the check. Ed Bartholet, another complainant who was not asked to identify appellant, testified that he did not remember seeing the person who picked up the check. However his son, James Bartholet, actually handed over the check, and described the man who picked it up: "[W]hite male, say, in his early, mid 40's; 175, 200 pounds, 6, 6'1"."

Eight other complainants listed by Paradise in point of error two were not asked to identify him *per se*, but were asked to describe the person who picked up the fraudulently solicited donations. Most gave descriptions similar to that given by James Bartholet: a tall, heavyset, dark haired white male. The jury was able to compare these descriptions with Paradise as he sat in the courtroom, and to weigh this evidence along with the circumstantial evidence already before it. This Court is not to re-weigh their decision. *King*, 29 S.W.3d at 562.

The jury was presented with a wealth of evidence that Paradise was the perpetrator of the thefts from the victims named in point of error two. The detective who investigated the thefts testified that he saw Paradise pick up mail from the private post office box where several victims were told to send their contributions. A fingerprint technician testified that Paradise's fingerprints were found on two of the State's Exhibits, Exhibit # 1, the rental form for the private post office box, and Exhibit # 4, an unauthorized fund-raising letter in the name of the "Ancient Shrine Temple."

Eddie James Thomas, Jr., the Potentate (i.e., chief executive officer) of the *real* Ancient Shrine Temple in Waco, testified that the Temple had terminated their fund-raising contract with Paradise in 1996, two years before any of the solicitations named in the indictment. Thomas also testified that he had not authorized Paradise to open a bank account in the name of "Ancient Temple No. 1," in which checks from some of the victims were deposited, nor had he authorized the use of his signature on the fund-raising letter found in Paradise's possession. We find that the State presented legally sufficient evidence to support conviction in all of the constituent thefts named in appellant's second point of error. Point of error two is overruled.

■ We now address point of error one: that is, what effect the State's concession of legally insufficient evidence in point of error one has on Paradise's conviction for aggravated theft and his sentence which he asks us to set aside. A finding that the State did not produce legally sufficient evidence regarding some of the constituent thefts might require that the verdict be reformed to reflect a conviction punished by a lesser penalty range. On the other hand, the State need not prove each constituent theft as long as it demonstrates that enough of the property described in the indictment was stolen to satisfy the aggregated value allegation. *Dickens v. State*, 981 S.W.2d 186, 188 n. 4.(Tex.Crim.App.1998).

■ Paradise was convicted of aggregated theft of at least $1,500, but less than $20,000. A careful review of the record reveals that the aggregated value of the constituent thefts named in the indictment, including those of victims Amick, Allison, and Giuffre, was $1,710. The record also

reveals that victims Amick, Allison and Giuffre collectively accounted for alleged thefts totaling $210 dollars. The aggregated value of constituent thefts remaining (after excluding the three individuals named in point of error one) is exactly $1,500, leaving the aggregated amount within the state jail felony range.

Having overruled both points of error, we affirm Appellant's conviction and sentence.

AFFIRMED.