NO. 12-02-00142-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CLEOTHA WHITAKER, JR.,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #1


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Cleotha Whitaker, Jr. ("Appellant") was convicted of theft by check after a trial by jury. The
trial court sentenced him to sixty days of confinement in the Smith County Jail. Appellant raises
three issues on appeal. We affirm.


Background


 Appellant was charged with theft by check for passing a check, numbered 1143, in the
amount of $36.93 to A&W Grocery on his account, which contained insufficient funds to satisfy the
obligation. The store owner testified about the receipt of the check, the notations on the front of the
check of the address, driver's license and telephone number of the person who wrote the check, and
about his efforts to collect the amount from Appellant through two telephone calls and a certified
letter. 

 A custodian of records at the bank testified about bank procedures and the bank's signature
cards, and testified about how the bank operates to verify signatures and account balances. She also
testified about her comparison of the signature on Appellant's signature card and the check at issue
in this charge, check number 1143, and stated that, based on her experience and training, the two
signatures were the same. The custodian also compared the signature on the check with Appellant's
signature on a request for bail after his arrest, and concluded the two signatures were made by the
same person. The request for bail contained numerous identification items, including Appellant's
signature, address, date of birth, and the charge for which he was being held, theft by check, as well
as several numbers identifying the present case, including the warrant number and cause number. The
bank's custodian of records also testified as to the deficiencies in the balance of the account against
which the check was written. Finally, the office manager of the Smith County District Attorney's
Office "hot check" division testified about efforts to obtain satisfaction of the check.


Failure to Prove Elements

 Appellant raises three issues on appeal, which he addresses together. Appellant contends that
the State failed to prove any element of the offense of theft by check. However, he does not discuss
this issue, nor does he cite any authority for this proposition. Appellant also contends that the
evidence is legally and factually insufficient to support the jury's verdict. Texas Rule of Appellate
Procedure 38.1(h) requires "clear and concise argument for the contentions made, with appropriate
citations to authorities and the record." Tex. R. App. P. 38.1(h). Where an issue is inadequately
briefed, without cited authority, the issue is waived. Vuong v. State, 830 S.W.2d 929, 940 (Tex.
Crim. App. 1992); King v. State, 17 S.W.3d 7, 23 (Tex. App.-Houston [14th Dist. 2000, pet. ref'd). 
Therefore, we address the State's proof of the elements of the offense only as necessary to determine
the sufficiency of the evidence.


Legal Sufficiency

 In reviewing a legal sufficiency question, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
The trier of fact, here the jury, is the exclusive judge of the credibility of witnesses and of the weight
to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Williams
v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). The jury is entitled to draw reasonable
inferences from the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.-Corpus
Christi 1988, pet. ref'd). Likewise, reconciliation of conflicts in the evidence is within the exclusive
province of the jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). Although an
appellate court's analysis considers all the evidence presented at trial, it may not "re-weigh the
evidence and substitute [the appellate court's] judgment for that of the jury." King, 29 S.W.3d at 562.
The evidence is measured for sufficiency by looking at the indictment as incorporated in the court's
charge to the jury. Fisher v. State, 887 S.W.2d 49, 53 (Tex. Crim. App. 1994)(op. on reh'g).

 Appellant was charged with theft by check. See Tex. Pen. Code Ann. §§ 31.03, 31.06
(Vernon Supp. 2003). Section 31.03 provides that a person commits theft if he "unlawfully
appropriates property with intent to deprive the owner of property." Tex. Pen. Code Ann. § 31.03
(Vernon Supp. 2003). Section 31.06 provides the steps necessary to establish a presumption of intent
to commit the offense of theft by check (1). Tex. Pen. Code Ann. § 31.06; Geuder v. State, 76 S.W.3d
133, 136 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

 At trial, Wally Abder ("Abder") testified that he owned a business known as A&W Grocery,
that his store received a check, numbered 1143, on the checking account of Cleotha Whitaker, Jr., for
goods and merchandise purchased at his store on June 18, 2001. Abder further testified that his
brother, who took the check, wrote on the check the driver's license number and date of birth of the
person writing the check. The information on the check included the address and phone number of
Cleotha Whitaker, Jr. Abder testified that he and his employees always verified the photo
identification and compared the address of the person passing the check with the information on the
check.

 The custodian of records at Southside Bank testified that on June 18, 2001, the account of
Cleotha Whitaker, Jr., against which the check was written, was overdrawn $713.66. The custodian
testified that, as part of her job, she was trained to compare and evaluate signatures. She compared
the signature of Cleotha Whitaker, Jr. on the bank signature card with check number 1143 to A&W
Grocery, as well as the signature of Cleotha Whitaker Jr. on a court document requesting a personal
recognizance bond, which was identified as a "court document from this particular case" at trial
before the jury. She testified the signatures were all the same. The office manager of the Smith
County District Attorney's Office "hot check" division testified that Appellant, or someone on his
behalf, paid the check after charges were filed against him and he was placed in jail. (2)

 The jury considered all the evidence, and determined that Appellant, who wrote a request for
a personal recognizance bond, was the same person who opened the checking account and wrote the
insufficient check. Paradise v. State, 39 S.W.3d 377, 378 (Tex. App.-Beaumont 2001, no
pet.)(failure to make in-court identification "not sufficient to call in question the legal sufficiency of
the evidence" where jury heard description of actor and was able to compare those with defendant in
court and such jury consideration not subject to "re-weigh[ing]" by appellate court, citing King, 29
S.W.3d at 562). In the present case, the jury was presented the bank records containing Appellant's
signature and identifying information, together with the "hot" check containing the same items of
identifying information taken by the store clerk when the check was passed, as well as Appellant's
request for bond, with the same identifying information. Taken together with the bank clerk's
comparison and conclusion that all the signatures were the same, the evidence was sufficient for the
jury to find that Appellant wrote a check, numbered 1143, to A&W Grocery on June 18, 2001, for
property when there was not sufficient funds on deposit with the bank in his account to pay the check.
Therefore, the evidence is legally sufficient to support the jury finding that Appellant committed the
offense of theft by check. Appellant's issue as to legal sufficiency is overruled.


Factual Sufficiency

 When reviewing the factual sufficiency of the evidence, we review all of the evidence, but not
in the light most favorable to the prosecution. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997). We set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In
conducting our analysis, our duty is to examine the trier of fact's weighing of the evidence. Scott v.
State, 934 S.W.2d 396, 398 (Tex. App.-Dallas 1996, no pet.). We consider all the evidence in the
record related to an appellant's sufficiency challenge, comparing the weight of the evidence that tends
to prove guilt with the evidence that tends to disprove it. See Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999); see also Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
Because we consider all the evidence in conducting a factual sufficiency review, we necessarily
consider any reasonable alternative hypothesis raised by the evidence. Richardson v. State, 972
S.W.2d 384, 387 (Tex. App.-Dallas 1998, no pet.). However, the mere existence of a reasonable
hypothesis does not render the evidence factually insufficient. Id.

 Because the jury is the sole judge of the facts, we must give deference to jury findings. Cain,
958 S.W.2d at 407. However, absolute deference is not the standard. Johnson v. State, 23 S.W. 3d
1, 8 (Tex. Crim. App. 2000). The degree of deference we give to jury findings must be proportionate
with the facts which we can accurately glean from the trial record. Id. Our factual sufficiency
analysis can consider only those few matters bearing on credibility that can be fully determined from
the cold appellate record. Id. Unless the appellate record before us reveals that a different result is
appropriate, we must defer to the jury's determination concerning what weight to give contradictory
testimonial evidence. Id. This is because resolution often turns on an evaluation of credibility and
demeanor, and the jury was in attendance when the testimony was delivered. Id. We then accord this
evidence appropriate consideration in the context of our overall analysis. Id. at 8-9. A factual
sufficiency review encompasses the formulations used in both civil and criminal cases. Id. at 11. 
This means that the evidence can be factually insufficient if (1) it is so weak as to be clearly wrong
and manifestly unjust or (2) the adverse finding is against the great weight and preponderance of the
available evidence. Id. The court of criminal appeals in Johnson further states:


 [T]he complete and correct standard a reviewing court must follow to conduct a Clewis factual
sufficiency review of the elements of a criminal offense asks whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as
to undermine confidence in the jury's determination, or the proof of guilt, although adequate when
taken alone, is greatly outweighed by contrary proof.



Id.

 Applying these guidelines, the evidence established that the signature identified as being made
by Appellant on the request for bond was the same signature as on the bank's signature card, and the
same signature on the check. Further, the personal information, including his address and date of
birth, was on both the check and the request for bond. Also, his driver's license number was on both
the check and the bank's signature card. Therefore, the evidence was factually sufficient for the jury
to find Appellant guilty as charged.


Conclusion

 There being legally and factually sufficient evidence to support the verdict, Appellant's issues
are overruled. The judgment of the trial court is affirmed.

 



 SAM GRIFFITH 

 Justice



Opinion delivered June 18, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.












 




(DO NOT PUBLISH)
1. Section 31.06 does not separately create a specific offense. It merely provides an evidentiary presumption
of intent to deprive which is ancillary to the general theft statute, and codifies a presumption which the State may
rely upon in appropriate cases. Richie v. State, 721 S. W.2d 560, 562 (Tex. App.-Beaumont 1986, no pet.).
2. It is prima facie evidence of intent to deprive the owner of property under Section 31.03 if the person
issuing the check failed to pay the holder in full within ten days after receiving notice that payment was refused by
the bank for insufficient funds. Tex. Pen. Code Ann. § 31.06(a)(2) (Vernon Supp. 2003).